UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| JAMES C. ROBINSON ) | |
| CRITIQUE SERVICES, LLC, ) | |
|  ) | |
| Petitioners, ) | |
|  ) | |
| vs. ) | Case No. 4:13-cv-2214 SNLJ |
|  ) | |
| THE HON. CHARLES E. RENDLEN, III, ) | |
|  ) | |
| Respondent ) | |
|  ) | |
| LATOYA L. STEWARD, ) | |
|  ) | |
| Debtor-Real Party in Interest. ) | |

## MEMORANDUM

Attorney James C. Robinson and his law firm, Critique Services, LLC ("Critique") — the petitioners — formerly represented debtor Latoya Steward in her bankruptcy case (Bankruptcy Case No. 11-46399), which is still pending. Steward now alleges that Robinson and Critique mishandled her case, and she filed what the Bankruptcy Court termed a "Motion to Disgorge" their attorneys' fees. Robinson and Critique moved to dismiss the motion for lack of subject matter jurisdiction, moved for recusal of the Bankruptcy Judge, Charles E. Rendlen, III, and sought to avoid disclosure of certain documents in discovery. When Judge Rendlen ruled against Robinson and Critique on those matters, Robinson and Critique sought permission to bring an interlocutory appeal from the Bankruptcy Appellate Panel for the Eighth Circuit. The Bankruptcy Appellate Panel denied Robinson and Critique's motion on October 8, 2013. (Bankruptcy Case No. 11-46399, Dkt. No. 95.)

The petitioners then filed their petition for a writ of mandamus seeking an order from this Court requiring that the Bankruptcy Court (1) vacate its orders pertaining to the Motion to Disgorge for want of jurisdiction over the petitioners, (2) recuse Judge Rendlen from the proceedings, and (3) vacate its order compelling discovery and ordering sanctions.

The Eight Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

Here, petitioners assert as their sole basis for this Court's subject matter jurisdiction the All Writs Act, which states that "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added).[1] The Eighth Circuit and the United States Supreme Court have been unequivocal that the All Writs Act "it is not an independent source of subject matter jurisdiction" and applies only to cases "in aid of" a court's independent source of jurisdiction. *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 821 (8th Cir. 2009) (citing *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 33 (2002)). "Put differently, while the All Writs Act empowers federal courts to wield certain procedural tools, such as the various historic common-law writs, it is not an independent source of subject matter jurisdiction." *Id.* (internal quotations and citations omitted).

---

[1] Petitioners cite specifically to 28 U.S.C. § 1651(b), which states "An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction."

2

In any event, even if petitioners did establish underlying subject matter jurisdiction, the Federal Rules of Civil Procedure have "abolished" the writ of mandamus in the district courts and direct litigants to pursue similar relief through the rules.  Fed. R. Civ. P. 81(b).  That Rule states in full: "The writs of scire facias and mandamus are abolished. Relief previously available through them may be obtained by appropriate action or motion under these rules."  *Id.*

Because this Court lacks subject matter jurisdiction over the petition for writ of mandamus, this matter will be dismissed.


Dated this  10th  day of December, 2013.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE